# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KODY CONGDON,**

     **Petitioner,**

  v.            Case No. 19-CV-1187

**CATHY JESS,**

     **Respondent.**

## ORDER DENYING RESPONDENT'S MOTION TO DISMISS

  Kody Congdon seeks a writ of habeas corpus under 28 U.S.C. § 2254 regarding his 2005 conviction for third-degree sexual assault. (ECF No. 1 at 2 (citing Waukesha Cnty. Cir. Ct. Case No. 2005CF71).) The respondent contends that, although Congdon is incarcerated, he is not "in custody" as a result of the conviction he seeks to challenge in his petition. Therefore, the respondent argues that Congdon's petition must be dismissed because the court lacks jurisdiction over it. (ECF Nos. 12, 13.)

  A federal court has jurisdiction to consider a petition for a writ of habeas corpus only if the petitioner is "in custody." *Stanbridge v. Scott*, 791 F.3d 715, 718 (7th Cir. 2015) (citing *Maleng v. Cook*, 490 U.S. 488, 490 (1989)). "[A] habeas petitioner is not 'in custody' pursuant to a particular conviction unless his physical liberty of movement is limited in

a non-negligible way, and that limitation is a *direct* consequence of the challenged conviction." *Id.* at 719 (emphasis in original). Simply because a petitioner is in custody on a separate conviction does not afford a federal court with pendent jurisdiction over non-cognizable habeas claims. *Virsnieks v. Smith*, 521 F.3d 707, 721 (7th Cir. 2008). Habeas is appropriate only if the remedy the petitioner "is seeking [is] to 'get out' of custody in a meaningful sense." *Pischke v. Litscher*, 178 F.3d 497, 499 (7th Cir. 1999). But to be cognizable a successful claim need only result in the shortening of the petitioner's term of custody; it need not necessarily lead to his immediate release. *Preiser v. Rodriguez*, 411 U.S. 475, 487, 93 S. Ct. 1827, 1835 (1973).

Congdon pled guilty to third-degree sexual assault on April 28, 2006. (ECF No. 13-1.) On August 31, 2006, the court sentenced him to five years of probation. (ECF No. 13-1.) On July 6, 2007, the Department of Corrections revoked his probation (ECF No. 14-3), and on August 16, 2007, the court sentenced him to five years in prison and five years of extended supervision. (ECF No. 13-5 at 2.) The basis for the revocation was, in part, that he had committed an armed burglary on April 27, 2007. (ECF No. 16-2; Waukesha Cnty. Cir. Ct. Case No. 2007CV817.) Congdon was convicted of this armed burglary on October 29, 2007 and sentenced to 10 years of probation "[c]onsecutive to present sentence"; a sentence of five years initial confinement and five years of extended supervision, "Consecutive to Presente [sic] Sentence if imposed," was imposed and stayed. (ECF No. 13-3 at 1.)

The Department of Corrections issued a Discharge Certificate on February 24, 2017, certifying that Congdon was discharged as of February 20, 2017, from the judgment in the 2005 sexual assault case. (ECF No. 13-6.) Having completed that sentence, Congdon began his probation term for the burglary conviction.

Less than two months later, on April 12, 2017, Congdon was charged with the possession of narcotic drugs. (Waukesha Cnty. Cir. Ct. Case No. 2017CF532.) His probation in the armed burglary case was revoked on October 17, 2017, and the stayed sentence imposed. (ECF No. 13-7 at 2-3.) On March 14, 2018, Congdon was convicted of possession of narcotic drugs for which he was sentenced to one-and-a-half-years of initial confinement and one year of extended supervision. (ECF No. 13-4.)

Because the sentence for burglary was consecutive to that for the sexual assault, there has been an unbroken term of "custody"—whether probation, incarceration, or extended supervision—since Congdon was sentenced in 2006 on the sexual assault. He completed the sentence for the sexual assault and immediately began the sentence for the burglary that he committed while on probation for the sexual assault.

The Supreme Court has held "that a prisoner serving consecutive sentences is 'in custody' under any one of them." *Peyton v. Rowe*, 391 U.S. 54, 67 (1968). But *Peyton* involved the question of custody when the defendant was challenging a second sentence while serving the first. Congdon seeks to do the reverse—challenge his first completed sentence because he is still serving a second sentence that he was ordered to serve

3

consecutive to that first sentence. The Supreme Court addressed that issue in *Garlotte v. Fordice*, 515 U.S. 39, 43 (1995). In doing so it phrased the question as "whether a person incarcerated under consecutive sentences remains 'in custody' under a sentence that (1) has been completed in terms of prison time served, but (2) continues to postpone the prisoner's date of potential release." *Id.* The Court concluded that courts must "view consecutive sentences in the aggregate, not as discrete segments." *Id.* at 47. It continued, "[i]nvalidation of Garlotte's marijuana conviction would advance the date of his eligibility for release from present incarceration. Garlotte's challenge, which will shorten his term of incarceration if he proves unconstitutionality, implicates the core purpose of habeas review." *Id*.

The facts that have led to Congdon's current custody distinguishes *Garlotte*. Congdon's current custody is a result of his possession of narcotics on April 12, 2017, which led to the revocation of his probation in the burglary case. By the time he committed the drug offense in April 2017 (ECF No. 13-4 at 1) he had completed his sentence for the sexual assault (ECF No. 13-6). Even if Congdon had never been convicted of sexual assault, and thus started his 10-year probation term for the burglary conviction immediately upon sentencing, he still would have been on probation for the burglary at the time of the drug offense. Following the drug offense his probation for the burglary offense would have been revoked all the same. In short, focusing on the sentences that Congdon received, providing Congdon relief regarding his sexual assault conviction

would not serve to shorten his current incarceration. Therefore, he fails to demonstrate that he is "in custody" on this basis.

However, Congdon submitted a supplemental brief (ECF No. 18) in which he presented a new argument. He argues that he satisfies the jurisdictional custody requirement because, if this court were to conclude that his sexual assault conviction had been obtained in violation of the constitution, it would shorten his current incarceration by giving him additional sentence credit. Following his arrest for the 2007 burglary, Congdon was in custody for 108 days. Because he was concurrently subject to a hold for violating his probation in the sexual assault case, when his probation on the burglary conviction was subsequently revoked in 2017, he did not receive credit for the 108 days he was in custody. Rather, the 108 days were credited to his sexual assault conviction. If this court were to conclude that the sexual assault conviction was obtained in violation of the constitution, one remedy the court could order would be for the state to give Congdon credit for the 108 days. Because granting Congdon relief on his petition would accelerate his release, the court concludes that it has jurisdiction over Congdon's petition. *See Preiser*, 411 U.S. at 500.

**IT IS THEREFORE ORDERED** that the respondent's motion to dismiss (ECF No. 12) is denied.

**IT IS FURTHER ORDERED** that the respondent shall answer or otherwise respond to the petition within 60 days.

Congdon shall submit a brief in support of his petition no later than 60 days after the respondent filing an answer.

The respondent shall submit a brief within 60 days thereafter.

Congdon may reply within 28 days thereafter.

Briefing on any other motion shall be governed by Civ. L.R. 7.

Dated at Milwaukee, Wisconsin this 27th day of April, 2020.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge